UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN XIONG, | No. 2:18-cv-0373 TLN KJN P |
| Petitioner, | |
| v. | ORDER |
| P. ASUNCION, | |
| Respondent. | |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus. Petitioner challenges his 2016 conviction for second degree robbery (Cal. Penal Code § 211), felon in possession of a firearm (Cal. Penal Code § 29800(a)(1)), discharge of a firearm during the commission of an offense (Cal. Penal Code § 12022.53(c)), and being armed with a firearm (Cal. Penal Code § 12022(a)(1)). Petitioner is serving a sentence of 36 years and four months.

On September 7, 2018, respondent filed an answer to the petition. (ECF No. 13.)

Pending before the court is petitioner's October 11, 2018 motion to stay this action to exhaust additional claims. (ECF No. 17.) For the reasons stated herein, petitioner is ordered to file further briefing in support of the motion to stay.

////

1

II. Legal Standards for Stays to Exhaust Additional Claims

Under Rhines, a district court may stay a petition to allow a petitioner to present an unexhausted claim to the state courts. Rhines v. Weber, 544 U.S. 269, 277 (2005). Such a stay "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court[.]" King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009). However, to qualify for a stay under Rhines, a petitioner must: (1) show good cause for his failure to exhaust all his claims before filing this action; (2) explain and demonstrate how his unexhausted claim is potentially meritorious; (3) describe the status of any pending state court proceedings on his unexhausted claim; and (4) explain how he has diligently pursued his unexhausted claim. Rhines, 544 U.S. at 277–78.

In the alternative, under Kelly a petitioner may: (1) amend his petition to delete the unexhausted claims; (2) seek a stay of the remaining fully exhausted claims, allowing the petitioner an opportunity to proceed to state court to exhaust state remedies; and (3) later amend his petition to restore the deleted claims once they are fully exhausted. King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)). Although this procedure does not require the showing of good cause, "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely." King, 564 F.3d at 1140-41. Consequently, this procedure could potentially jeopardize claims from potentially being time-barred.

II. Discussion

Petitioner's motion to stay does not discuss whether he seeks a stay pursuant to Rhines or Kelly. Accordingly, within thirty days of the date of this order, petitioner shall inform the court whether the stay is sought pursuant to Rhines or Kelly. If petitioner seeks a stay pursuant to Rhines, petitioner shall address the four Rhines factors discussed above.

In the motion to stay, petitioner appears to identify the additional claims he seeks to exhaust as 1) dual use of fact in violation of California Penal Code § 654; 2) unconstitutional gang enhancement; 3) dual use of enhancement; and 4) ineffective assistance of trial and

appellate counsel. (ECF No. 17 at 6.) In the further briefing, petitioner shall clearly identify and describe the additional claims he seeks to exhaust.

To assist petitioner in identifying his unexhausted claims, the undersigned herein clarifies the exhausted claim raised in the petition.

Petitioner raises one claim in the petition: appellate counsel was ineffective for filing a Wende[1] brief on appeal. In the habeas petition filed in the California Supreme Court and this court, petitioner described the claim appellate counsel failed to raise on appeal as follows herein:

> Petitioner identifies and asserts the issue appellate counsel should have raised on his behalf. (See attachment R.T. at pp. 405-406, 1118.1 motion, as exhibit B). Insufficiency of the evidence claim is reserved and a potentially successful contention on appeal.

(ECF Nos. 1 at 18; 14-7 at 8.)

In the answer, respondent addressed the merits of petitioner's claim alleging that appellate counsel was ineffective for failing to raise a claim alleging insufficient evidence. This claim is exhausted.

Petitioner's description of his ineffective assistance of appellate counsel claim, described above, suggests that petitioner may be arguing that appellate counsel failed to raise another claim on appeal in addition to the insufficient evidence claim. Exhibit B, attached to the petitions filed in the California Supreme Court and this court, contains pages 405 and 406 of the reporter's transcript. At pages 405 and 406 of the reporter's transcript, petitioner's trial counsel moved for a mistrial based on the testimony of petitioner's co-defendant referring to petitioner as a gang member. (RT at 405-06.) The trial court denied this motion. (Id. at 406.)

By citing pages 405 and 406 of the reporter's transcript, it appears that petitioner may be arguing that appellate counsel was ineffective for failing to raise a claim challenging the trial court's denial of trial counsel's motion for a mistrial, discussed at those pages. Petitioner may have cited California Penal Code § 1118.1, i.e., the standard for judgments of acquittal, because he mistakenly believed that this standard applied to motions for mistrials.

---

[1] People v. Wende, 25 Cal.3d 436 (1979).

3

"[E]xhaustion of state remedies requires that petitioners fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights[.]" Duncan v. Henry, 513 U.S. 364, 365 (per curiam) (citations and internal quotation marks omitted). The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis. See Duncan v. Henry, 513 U.S. at 365 (legal basis); Correll v. Stewart, 137 F.3d 1404, 1411-12 (9th Cir. 1998) (factual basis).

The undersigned finds that petitioner's citation to pages 405 and 406 of the reporter's transcript did not fairly present an ineffective assistance of appellate counsel claim based on appellate counsel's failure to challenge the trial court's denial of trial counsel's motion for a mistrial. The citation to these pages did not adequately present the legal and factual basis of this claim to the California Supreme Court. Accordingly, this claim is not exhausted. If petitioner seeks to exhaust this claim, he shall identify this claim in his further briefing.

Attached as an exhibit to the petitions filed in the California Supreme Court and this court is a letter petitioner sent to appellate counsel. (ECF Nos. 1 at 47-48; 14-7 at 34-35.) In this letter, petitioner advised appellate counsel that he had two claims that merited relief: ineffective assistance of counsel and prosecutorial misconduct. Petitioner argued that the prosecutor committed misconduct by arguing that petitioner was guilty based on his gang affiliation. Petitioner also argued that admission of the gang evidence violated his federal constitutional right to due process. Petitioner also argued that trial counsel was ineffective for failing to suppress the gang evidence and for failing to suppress the DNA collected from his bandanna.

The undersigned finds that the letter discussed above, attached as an exhibit to the habeas petition filed in the California Supreme Court, did not exhaust the claims discussed in the letter or the related ineffective assistance of appellate counsel claims. This letter did not fairly present the factual or legal basis of these claims to the California Supreme Court. If petitioner seeks to exhaust these claims, he shall identify these claims in his further briefing.

////

////

4

III. Conclusion

Within thirty days of the date of this order, petitioner shall file further briefing addressing whether his stay is sought pursuant to Rhines or Kelly. As discussed above, petitioner has exhausted one claim: appellate counsel was ineffective for failing to raise a claim alleging insufficient evidence. Petitioner shall identify the unexhausted claims he seeks to exhaust in the further briefing.

Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

Finally, petitioner is not required to await resolution of his request for a stay before returning to state court to properly exhaust his state court remedies. In the event that petitioner exhausts any claims in the California Supreme Court prior to this court's resolution of his request for a stay, petitioner is advised to file a notice of exhaustion in this court.

Accordingly, IT IS HEREBY ORDERED that within thirty days of the date of this order, petitioner shall file the further briefing discussed above; respondent may file a response to the further briefing within seven days thereafter.

Dated: May 14, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Xi373.sta

5